IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA MARTINEZ,

   Plaintiff,

v.                 CIV-02-0993 JC/WDS

SANTA FE CIVIC HOUSING
AUTHORITY, Inc., a Municipal
Corporation and CHRIS TAFOYA,
Individually and as Executive
Director of the Santa Fe Civic
Housing Authority, Inc.,

   Defendants.

**MEMORANDUM OPINION AND ORDER**

   THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment, filed January 9, 2003 (*Doc. 15*) and Defendants' Motion for Summary Judgment on Counts IV and V of Plaintiff's Complaint, filed April 11, 2003 (*Doc. 50*).  The Court has reviewed the motions and memoranda submitted by the parties, consulted all relevant authority, and conducted a hearing on the motions on July 8, 2003.  For the reasons set forth below, the Court finds Defendants' Motion for Summary Judgment, filed January 9, 2003 (*Doc. 15*), not well taken and it is, therefore, denied.  The Court further finds Defendants' Motion for Summary Judgment on Counts IV and V of Plaintiff's Complaint, filed April 11, 2003 (*Doc. 50*), well taken and it is, therefore, granted.

**I.**  **Background**

   On June 6, 2001, Plaintiff was dismissed from her job with the Santa Fe Civic Housing

1

Authority ("Authority") without having the benefit of a pretermination hearing, which is required by
the Authority's Personnel Rules and Regulations ("Rules and Regulations").  On June 13, 2002,
Plaintiff notified Defendants that she was invoking her grievance rights as provided by the Rules and
Regulations.  On August 15 and 16, 2002, the parties appeared before the Columbia Mediation
Associates' panel of hearing officers and presented their respective positions.  On September 30,
2001, that panel made a final determination in Plaintiff's favor, which provided for reinstatement of
Plaintiff's employment and awarded her back pay, benefits, and reasonable attorney's fees and costs.
Plaintiff was subsequently reinstated and  received back pay and benefits in accordance with the
determination.  However, Defendants objected to the amount of attorney fees Plaintiff submitted, the
dispute went unresolved and to date no such fees have been paid.

Plaintiff returned  to work in October, 2001, as Site Manager for Camino Consuelo, a
property other than the one at which she previously worked though in a position comparable to the
one she had held prior to her termination.[1]   As of the time of filing this lawsuit, Plaintiff had applied
for no other position since her reinstatement.

Upon returning to work, Plaintiff complained of insufficient heat in her new office, requested
new equipment for that office, was allegedly notified only "at the last minute" of office social
activities, and was denied permission to attend professional seminars in Texas.  The heat in Plaintiff's
office was fixed, new equipment was issued to her, and her requests to attend professional seminars
in Albuquerque were granted.  On August 12, 2002, Plaintiff filed her Complaint for Damages for
Violation of Plaintiff's Civil Rights and Other State Law Claims (*Doc. 1*), seeking enforcement of the

---

[1]Throughout her pleadings, Plaintiff refers to the new location as "Siberia."   While the
Court has heard Santa Fe referred to as "The City Different," likening any portion of the City to a
frozen tundra is novel.

hearing officers' prior decision, damages resulting from various alleged constitutional violations, and attorney fees.  On January 9, 2003, Defendants filed their Motion for Summary Judgment (*Doc. 15*) pertaining to Counts I, II, and III.  On April 11, 2003, Defendants filed their Motion for Summary Judgment on Counts IV and V of Plaintiff's Complaint (*Doc. 50*).  Both motions are presently before the Court[2].

## II.    Standard of Review

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to secure the just, speedy and inexpensive determination of every action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The moving party bears the initial burden of showing that there is no genuine issue of material fact.  *Id.* at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as  "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex v. Catrett,* 477 U.S. at 323-25. Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a

---

[2]Curiously, Defendants filed identical documents as their reply brief in both motions. Consequently, the same document has been entered on the docket sheet as both number 38 and number 51.  The Court will reference the document as number 38 as necessary.

genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record taken as a whole could not lead a rational trier of fact to *find* for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

**III.   Discussion**

    **A.    Motion for Summary Judgment, Counts I, II, and III**

      *i.  Jurisdiction to Enforce or Confirm Arbitration Award*

Defendants first argue that this Court lacks subject matter jurisdiction over those claims that relate in any way to the hearing officers' prior decision and enforcement thereof. In support of this assertion, Defendants cite to Section 44-7A-2 of the New Mexico Uniform Arbitration Act ("Act"), claiming it confers exclusive jurisdiction on the state courts over all matters resolved pursuant to the Act.

As a preliminary matter, the Court notes that Section 44-7A-2 contains a notice provision and nothing more; it relates in no way to jurisdiction. Therefore, the Court will assume Defendants intended to cite to Section 44-7A-27 of the Act, which contains language relevant to jurisdiction, and will proceed with its analysis accordingly. As a second preliminary matter, Plaintiff's complaint states, "Plaintiff alleges an additional claim for damages under the laws of the State of New Mexico for failure to comply with an arbitration decision. Plaintiff seeks to confirm her arbitration award under § 44-7-11 N.M.S.A. 1978...." Pl.'s Compl. at 2. Subsequently, in her Response to

4

Defendants' Motion for Summary Judgment, however, Plaintiff states that "the matter was not an arbitration, but a personnel merit system hearing," and she "formally withdraws any claim that the hearing was an arbitration proceeding under New Mexico law and instead asserts that it was a personnel hearing as set out by the Authority's Rules and Regulations...."  Pl.'s Resp. at 1, 2. Plaintiff has ignored Federal Rule of Civil Procedure 15(a) in an attempt to recharacterize her claims in response to Defendants' motion for summary judgment.   Rule 15(a) requires a party to seek leave of court or permission of the opposing party if amendment of the pleadings at this stage is to be allowed. Fed. R. Civ. P. 15(a).  While Plaintiff refers to her change in position as "abandoning" the claim, the Court finds instead that Plaintiff attempts to make a change that is tantamount to amendment of her complaint.  As Defendants filed their motion for summary judgment based upon the nature of the claims as articulated in the existing complaint,  it would be unjust to allow Plaintiff to redefine those claims at this juncture and in this procedurally defective manner.  Therefore, the Court will consider Plaintiff's claims as defined by her existing complaint for purposes of these motions.

Turning to the statutory analysis, Section 44-7A-27 of the Act states, "(a) court of this state having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate.  (b) An agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under the Uniform Arbitration Act. [44-7A-1 to 44-7A-32 NMSA 1978]."  NMSA 44-7A-27.  The Court does not agree with Defendants' interpretation of this language as an attempt by the state legislature to vest exclusive jurisdiction in the state courts. Moreover, even if the statute were read as purporting to make such a grant, the supplemental jurisdiction that exists in this case would still not be destroyed, as such a provision would be

preempted by the Judicial Improvement Act of 1990, codified at 28 U.S.C. § 1367(c).  Limitation of federal court jurisdiction is governed solely by federal law and states have no power to enlarge or contract federal jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978); *Markham v. City of Newport News*, 292 F.2d 711, 714 (4th Cir. 1961).  Allowing a state legislature to limit supplemental jurisdiction in federal courts would undermine the purposes of supplemental jurisdiction, which include expediency, efficiency, convenience, and fairness to the parties. *Gibbs*, 383 U.S. at 726.  The Court rejects Defendants' assertion that this Court lacks jurisdiction to enter judgment on Plaintiff's award because the New Mexico Arbitration Act vests exclusive jurisdiction in state court, as it is wholly without merit and contrary to well-settled principles of law.

The Court also rejects Defendants' argument, raised for the first time in their reply brief, that the Court ought not exercise supplemental jurisdiction in this case.  Defendants baldly assert that "it is clear from a review of Plaintiff's complaint that Plaintiff's Counts I, II, and III predominate over Counts IV and V."  Def's' Reply at 2.  The Court takes this opportunity to note that it finds little "clear" from Plaintiff's complaint.  More importantly, however, which of the counts "predominate" is not the proper test for supplemental jurisdiction.  Pursuant to the Judicial Improvements Act of 1990,  "the district courts shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  The Court finds it has original jurisdiction over Plaintiff's claim that her federal due process rights were violated when she was terminated without a pretermination hearing.  It follows that supplemental jurisdiction is properly exercised over her state law claims, as they arise from the same controversy.

*ii.  Collateral Estoppel*

6

Defendants further argue that the issues presently before the Court were sufficiently considered and determined in the prior non-judicial proceeding as to invoke the doctrine of collateral estoppel. Plaintiff responds that her constitutional claims for violations of due process and equal protection were never presented in the prior proceeding, regardless of whether the Court finds that such proceeding was an arbitration or something less formal, and, therefore, collateral estoppel cannot apply to such claims. The Court agrees with Plaintiff's reasoning and finds that the doctrine of collateral estoppel does not preclude Plaintiff's constitutional claims.

Regarding Plaintiff's claims pertaining to the determination in the prior proceeding, Defendants are correct that collateral estoppel may be applied to administrative proceedings under some circumstances. *Rex, Inc. v. Manufactured Housing Commission of New Mexico,* 119 N.M. 500 (1995). First, however, the basic elements of collateral estoppel must be met. It is the moving party's initial burden to show 1) that the party against whom the doctrine would be applied was a party to the prior proceeding; 2) that the cause of action in case presently before the court is different from the cause of action in the prior adjudication; 3) that any issue to be precluded was actually litigated in the prior adjudication; and 4) that any issue to be estopped was necessarily determined in the prior litigation. *Id.* at 504. In addition to the elements of collateral estoppel, in order for an administrative hearing to be given preclusive effect some additional considerations exist. There must have been an incentive to vigorously litigate the claim in the prior proceeding; procedural differences must not make preclusion unfair; and the court must consider any policy reason for denying preclusive effect. *Shovelin v. Central New Mexico Elec. Coop., Inc.*, 115 N.M. 293, (1993). Furthermore, the formality of the prior proceedings, the scope of the arbitration, and the definiteness of the decision rendered will influence whether factual findings in an arbitration should be given preclusive effect.

*Id.*

In the present case, Plaintiff prevailed in the prior proceeding and her complaint asks the Court to order compliance with that decision under New Mexico's Uniform Arbitration Act.  None of the claims pertaining to Defendants' noncompliance, or damages allegedly resulting therefrom, could have been actually litigated and necessarily determined, as such claims did not arise until after the decision was rendered.  Therefore, Defendants cannot establish that even the basic elements of collateral estoppel are met with respect to these claims and the Court need not reach the additional considerations for determining whether the doctrine might otherwise apply to this particular administrative proceeding.

In sum, the Court is not persuaded by either of Defendants' arguments in favor of summary judgment on Counts I, II, or II.  The Court finds supplemental jurisdiction to enforce or confirm the hearing officers' determination proper, as those issues arise from the same occurrence that gives rise to Plaintiff's due process claim--Plaintiff's employment termination in June of 2001.  The Court further finds that Plaintiff's federal constitutional claims are not barred by the doctrine of collateral estoppel as such claims do not meet the necessary elements.

**B.**      **Motion for Summary Judgment, Counts IV and V**

Counts IV and V of Plaintiff's complaint both allege violations of Plaintiff's equal protections rights.  Typically, to state an equal protection claim, a plaintiff must show that the government classified her on the basis of a forbidden characteristic, such as race, religion, or gender.  The Tenth Circuit has held that absent such impermissible motivating factor, as here, a plaintiff may allege an equal protection violation as a "class of one," but must depict a capricious distinction between her and a similarly situated employee, which is either motivated by an invidious and repugnant goal of

8

imposing undeserved punishment or accompanied by an orchestrated campaign of official harassment directed against her out of sheer malice. *Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001)(citing *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)).

Here, Plaintiff asserts that a position should have been given to her instead of another person. However, an unignorable dissimilarity between Plaintiff and the person hired into the position is evident from the undisputed fact that the person hired had actually applied for the job and Plaintiff had not. On this basis alone, Plaintiff falls short of establishing that Defendants made a capricious distinction between her and another similarly situated individual as is necessary to support her equal protection claims. Absent such showing, the Court finds Defendants are entitled to judgment as a matter of law on Counts IV and V of Plaintiff's complaint.

Wherefore,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, filed January 9, 2003 (*Doc. 15*), is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Counts IV and V of Plaintiff's Complaint, filed April 11, 2003 (*Doc. 50*) is granted.

Dated July 10, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Steven K. Sanders
    Albuquerque, New Mexico

Counsel for Defendants:

    Gregory L. Biehler
    Albuquerque, New Mexico